IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL SAMUEL JOHNSON,

    Petitioner,                    No. CIV-S-11-2719 CKD P

    vs.

GARY SWARTHOUT,

    Respondent.                  ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. He has moved to add as a respondent the warden of the state prison where he is incarcerated. The motion is well taken: "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, Rick Hill, who is warden at Folsom State Prison, is not the proper respondent. Petitioner states in his motion that since he filed his petition, he has been moved from Folsom to California State Prison-Solano, where the warden is Gary Swarthout. Therefore the motion will be granted to add Gary Swarthout as the proper respondent.

        Petitioner has also requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of

1

counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

One of petitioner's grounds for requesting the assistance of counsel concerns his limited access to the law library and his allegation that he does not receive adequate materials to prosecute his case. An inmate has a constitutionally protected right of meaningful access to the courts, Bounds v. Smith, 430 U.S. 817, 820-21 (1977), and that right includes reasonable access to a legal library. However, there is no freestanding constitutional right to law library access for prisoners; law library access serves as one means of ensuring the constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). "[T]he Constitution does not guarantee a prisoner unlimited access to a law library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used." Linquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985). An inmate is also entitled to adequate materials for drafting submissions to the courts: "It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them." Bounds, 430 U.S. at 824-25. A typewriter is not essential for an inmate to draft legal documents.

A prisoner claiming that his right of access to the courts has been violated due to blocked access to the courts must show that: 1) access was so limited as to be unreasonable, and 2) the inadequate access caused actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). A prisoner cannot make conclusory declarations of injury, but instead must demonstrate that a non-frivolous legal claim has been frustrated or impeded. To prevail, however, it is not enough for an inmate to show some sort of denial. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348.

\\\\

> [T]he inmate... must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Id. at 351.

This case is barely more than three months old, and thus far petitioner has had no problem communicating his grievances and concerns to the court. If prison conditions so impede his access to the court that his ability to prosecute his case is prejudiced in the way described above, then petitioner may seek injunctive relief from the court. As it stands now, however, there is no evidence that conditions at petitioner's place of confinement have sunk to that level.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to change respondent's name (Docket No. 14) is granted. The Clerk of Court is directed to add Gary Swarthout as the proper respondent.

2. Petitioner's motion for appointment of counsel (Docket No. 13) is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

Dated: December 5, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
john2619.ord