IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL SAMUEL JOHNSON

    Petitioner,                   No. CIV S-11-2719 GEB CKD P

    vs.

GARY SWARTHOUT

    Respondent.           <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed an answer to the petition, and petitioner has filed several motions with the court.

        First, petitioner seeks an entry of default and sanctions against respondent for "stall tactics" in extending the time for filing an answer. The motion is baseless and will be denied.

        Second, petitioner asserts that he has newly exhausted claims to add to the petition. Federal Rule of Civil Procedure 15(a)(2) requires a petitioner to obtain permission to amend an operative pleading where, as here, more than twenty-one days have passed since the respondent filed an answer. Furthermore, 28 U.S.C. § 1915A requires the court to screen all petitions, included proposed amended ones, to assure that they present claims cognizable under

the applicable statute. Petitioner has not attached his new claims to his request to amend his petition.

Local Rule 220 requires that an amended pleading be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint or petition supersedes the original. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once a habeas petitioner files an amended petition, the original no longer serves any function in the case. Therefore, in an amended petition, as in an original petition, each habeas claim and the factual bases underlying it must be sufficiently alleged.

The proper procedure in this case is for petitioner to submit a proposed amended petition that repeats the claims of the original petition and asserts the new claims that petitioner now seeks to add to this action. It is imperative for petitioner to include all the claims he wishes to bring to court in a single petition, because the court cannot refer to a prior pleading in order to make plaintiff's amended petition complete. Once he does so, the court will screen it according to the standards required by 28 U.S.C. § 1915A.

Third, plaintiff moves for his immediate release from custody. The motion only repeats his ultimate claim for habeas relief. It is therefore duplicative of his habeas claims and will be denied.

Finally, petitioner seeks the appointment of counsel. This is his fifth such request. His most recent motion recites the factors that federal courts consider in deciding whether to appoint counsel in a habeas action, and, as was the case on the previous four occasions, none of those factors is present. Petitioner is admonished that the court routinely reviews the possibility of appointing counsel in every habeas case at every applicable stage, and this case is no exception. He need not burden the court with repeated requests for appointed counsel, particularly when the conditions that led the court to deny the same request four times already have not changed.

\\\\\

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for default and sanctions (Docket No. 39) is denied.

2. The request to raise new claims (Docket No. 40) is granted. Petitioner has twenty-one days from the entry of this order in which to file a pleading entitled "First Amended Petition," which should contain a statement of all his claims, as explained above. Petitioner should also file a motion for leave to amend the petition concurrent with the proposed amended petition.

3. The motion for release from custody (Docket No. 44) is denied as duplicative.

4. The motion for appointment of counsel (Docket No. 45) is denied.

Dated: May 8, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
john2719.ord