1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  PAUL SAMUEL JOHNSON

11              Petitioner,                No. CIV S-11-2719 GEB CKD P

12      vs.

13  GARY SWARTHOUT

14              Respondent.               <u>ORDER</u>

15  _____/

16          Petitioner is a state prisoner proceeding pro se with an application for writ of

17  habeas corpus under 28 U.S.C. § 2254.  Respondent has filed an answer to the petition, and

18  petitioner has filed several motions with the court.

19          First, petitioner seeks an entry of default and sanctions against respondent for

20  "stall tactics" in extending the time for filing an answer.  The motion is baseless and will be

21  denied.

22          Second, petitioner asserts that he has newly exhausted claims to add to the

23  petition.  Federal Rule of Civil Procedure 15(a)(2) requires a petitioner to obtain permission to

24  amend an operative pleading where, as here, more than twenty-one days have passed since the

25  respondent filed an answer.  Furthermore, 28 U.S.C. § 1915A requires the court to screen all

26  petitions, included proposed amended ones, to assure that they present claims cognizable under

1

1    the applicable statute.  Petitioner has not attached his new claims to his request to amend his

2    petition.

3           Local Rule 220 requires that an amended pleading be complete in itself without

4    reference to any prior pleading.  This is because, as a general rule, an amended complaint or

5    petition supersedes the original.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once a

6    habeas petitioner files an amended petition, the original no longer serves any function in the case.

7    Therefore, in an amended petition, as in an original petition, each habeas claim and the factual

8    bases underlying it must be sufficiently alleged.

9           The proper procedure in this case is for petitioner to submit a proposed amended

10   petition that repeats the claims of the original petition and asserts the new claims that petitioner

11   now seeks to add to this action.  It is imperative for petitioner to include all the claims he wishes

12   to bring to court in a single petition, because the court cannot refer to a prior pleading in order to

13   make plaintiff's amended petition complete.  Once he does so, the court will screen it according

14   to the standards required by 28 U.S.C. § 1915A.

15          Third, plaintiff moves for his immediate release from custody.  The motion only

16   repeats his ultimate claim for habeas relief.   It is therefore duplicative of his habeas claims and

17   will be denied.

18          Finally, petitioner seeks the appointment of counsel.  This is his fifth such request.

19   His most recent motion recites the factors that federal courts consider in deciding whether to

20   appoint counsel in a habeas action, and, as was the case on the previous four occasions, none of

21   those factors is present.  Petitioner is admonished that the court routinely reviews the possibility

22   of appointing counsel in every habeas case at every applicable stage, and this case is no

23   exception.  He need not burden the court with repeated requests for appointed counsel,

24   particularly when the conditions that led the court to deny the same request four times already

25   have not changed.

26   \\\\\

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.   The motion for default and sanctions (Docket No. 39) is denied.

3    2.   The request to raise new claims (Docket No. 40) is granted.  Petitioner has

4    twenty-one days from the entry of this order in which to file a pleading entitled "First Amended

5    Petition," which should contain a statement of all his claims, as explained above.  Petitioner

6    should also file a motion for leave to amend the petition concurrent with the proposed amended

7    petition.

8    3.   The motion for release from custody (Docket No. 44) is denied as duplicative.

9    4.   The motion for appointment of counsel (Docket No. 45) is denied.

10   Dated: May 8, 2012

11

12                                                CAROLYN K. DELANEY
                                                  UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18   3

19   john2719.ord

20

21

22

23

24

25

26