IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL SAMUEL JOHNSON,

    Petitioner,                  No. 2:11-cv-2719 GEB CKD P

    vs.

GARY SWARTHOUT,

    Respondent.            <u>ORDER VACATING FINDINGS AND</u>

                                              <u>RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner, proceeds pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 13, 2012, findings and recommendations were entered herein recommending that this action be dismissed for petitioner's failure to keep the court apprised of his current address. (Dkt. No. 55.) On September 12, 2012, petitioner's address was updated pursuant to a notice of change of address he filed in another case. (Dkt. No. 56.) The August 13, 2012 findings and recommendations were re-served on petitioner and petitioner has filed objections. (Dkt. No. 57). Upon consideration, the findings and recommendations entered August 13, 2012 recommending that this action be dismissed will be vacated.

/////

1  Petitioner's June 4, 2012 motion to amend the petition is also pending. Therein,
2  petitioner states he wants to raise "two [new] issues, plus "actual innocence" and over a dozen
3  other issues[.]" (Dkt. No. 53 at 3-4.)
4  Petitioner previously filed a request to raise new claims in this case. (Dkt. No.
5  40.) On May 8, 2012, in consideration of that request, petitioner was advised:

> Local Rule 220 requires that an amended pleading be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint or petition supersedes the original. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once a habeas petitioner files an amended petition, the original no longer serves any function in the case. Therefore, in an amended petition, as in the original petition, each habeas claim and the factual bases underlying it must be sufficiently alleged.
>
> The proper procedure in this case is for petitioner to submit a proposed amended petition that repeats the claims of the original petition and asserts the new claims that petitioner now seeks to add to this action. It is imperative for petitioner to include all the claims that petitioner now seeks to add to this action. It is imperative for petitioner to include all the claims he wishes to bring to court in a single petition, because the court cannot refer to a prior pleading in order to make plaintiff's amended petition complete. Once he does so, the court will screen it according to the standards required by 28 U.S.C. § 1915A.

16  (Dkt. No. 46 at 2.) In the May 8, 2012 order, petitioner was given 21 days in which to file a
17  pleading entitled "First Amended Petition" containing a statement of all of his claims, to be
18  accompanied by "a motion for leave to amend the petition concurrent with the proposed amended
19  petition." (Dkt. No. 46 at 3.)
20  Petitioner has failed to comply with the court's order; his June 4, 2012 motion to
21  amend is not accompanied by a proposed amended pleading containing a statement of all of his
22  claims. Accordingly, the June 4, 2012 motion to amend the petition will be denied at this time.
23  ////
24  ////
25  ////
26  ////

In accordance with the above, IT IS HEREBY ORDERED THAT:

1. The findings and recommendations entered August 13, 2012 (Dkt. No. 55) are hereby VACATED; and

2. The motion for leave to amend the petition (Dkt. No. 53) is DENIED.

Dated: October 12, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
john2719.vac F&Rs

3