IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL SAMUEL JOHNSON,

Petitioner, No. 11-cv-2719 GEB CKD P

vs.

GARY SWARTHOUT,

Respondent. ORDER TO SHOW CAUSE

_____________________________/

Petitioner, a former inmate of the California Department of Corrections and Rehabilitation (CDCR), proceeds pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. At issue is the sentence imposed for a judgment of conviction entered against him in the Sonoma County Superior Court, case number SCR565495, for threatening a public officer. Petitioner does not challenge the propriety of his conviction, but rather, claims the trial court failed to award and apply presentence custody credits to the three year sentence imposed.

Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants. Deakins v. Monaghan, 484 U.S. 193, 199 (1988); see also Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (holding that federal courts "have an independent duty to consider" mootness sua sponte). "The case-or-controversy requirement

demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit." United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and citation omitted). The basic question in determining mootness is "whether there is a present controversy as to which effective relief can be granted." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007). A case or controversy must exist throughout all stages of litigation. Spencer v. Kemna, 523 U.S. 1, 7 (1998). If at any time during the course of litigation a plaintiff ceases to suffer, or be threatened with, "an actual injury traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision," the matter is moot. Id. at 7.

An exception to the mootness doctrine applies to claims that are "capable of repetition, yet evading review." Spencer, 523 U.S. at 17. To invoke this exception, it must be shown that "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there [is] a reasonable expectation that the same complaining party will be subjected to the same action again." First Nat'l Bank of Boston v. Bellotti, 435 U.S. 765, 774 (1978) (citation omitted). "A mere speculative possibility of repetition is not sufficient." Williams v. Alioto, 549 F.2d 136, 143 (9th Cir. 1977). "There must be a cognizable danger, a reasonable expectation, of recurrence for the repetition branch of the mootness exception to be satisfied." Id.

A habeas petition becomes moot when the petitioner's injury cannot be redressed by a favorable decision. Burnett, 432 F.3d at 1000-01; see also Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003), cert. denied 539 U.S. 933 (holding that in order for a suit to be maintained after a habeas corpus petitioner's release from prison, "[s]ome collateral consequence of the conviction must exist.") (citing Spencer, 523 U.S. at 7)).

Collateral consequences flow from a criminal conviction, because "once convicted, one remains forever subject to the prospect of harsher punishment for a subsequent offense as a result of federal and state laws that either already have been or may eventually be

passed." Chacon v. Wood, 36 F.3d 1459 (9th Cir. 1994). Therefore, a prisoner's challenge to his criminal conviction is generally not rendered moot by his release from custody. Id. In contrast, however, once a former prisoner's sentence has expired, that person generally has no standing to challenge an improper but completed sentence in a petition for writ of habeas corpus. See United States v. Palomba, 182 F.3d 1121, 1123 (9th Cir. 1999).

At the time petitioner initiated this action in October of 2011, he properly alleged an Article III case or controversy because he was still incarcerated and serving his challenged sentence. However, it appears from petitioner's change of address to a non-prison address that he has either completed his sentence or been released on parole. (Dkt. No. 63.) This is a signal that his claim that the trial court failed to award and apply presentence custody credits has become moot, unless he can show that judgment in his favor would shorten his term of his parole, if he is currently serving one.[1]

"When a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under [42 U.S.C.] § 1983. Skinner v. Switzer, 131 S. Ct. 1289, 1299 n.13 (2011) quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005); see also Skinner, 131 S. Ct. at 1299 (majority notes the Supreme Court has never recognized a writ of habeas corpus as an available remedy where the relief sought would neither terminate custody, accelerate the future release date, nor reduce the level of custody).

In sum, because petitioner has already served the challenged term of incarceration, it appears that there is no relief which this court can afford for the alleged failure to award pretrial custody credits and petitioner's claim has become moot. See Spencer, 523 U.S. at 12-14. Further, the facts of this case do not fall within the exception for claims that are "capable of

---

[1] Petitioner's release from prison does not divest this court of jurisdiction based on the "in custody" jurisdictional requirement of section 2254(a). That requirement "has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is 'under the conviction or sentence under attack *at the time his petition is filed*.'" See Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005) (emphasis added) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam)).

repetition, yet evading review," because the mere possibility of repetition is too speculative. See Williams, 549 F.2d at 143. Accordingly, petitioner may attempt to show cause why his petition should not be dismissed as moot.

In accordance with the above, IT IS HEREBY ORDERED that:

1. To avoid dismissal of his petition, within 30 days, petitioner shall show cause why his petition for writ of habeas corpus should not be dismissed as moot. Respondent may reply within 14 days after service of petitioner's response to this order. Petitioner is instructed that failure to respond may be considered a basis for dismissal of the petition pursuant to Local Rule 110.

Dated: March 1, 2013

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
john2719.showcause