IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL SAMUEL JOHNSON,

    Petitioner,                   No. 11-cv-2719 TLN CKD P

    vs.

GARY SWARTHOUT,

    Respondent.                FINDINGS AND RECOMMENDATIONS

        Petitioner proceeds pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) At issue is the sentence imposed for a judgment of conviction entered against him in the Sonoma County Superior Court, case number SCR565495, for threatening a public officer. Petitioner claims the trial court failed to award and apply presentence custody credits to his three year prison sentence.

        On March 1, 2013, after changing his address of record in this case to a non-prison address, petitioner was ordered to show cause why his petition should not be dismissed as moot. Petitioner has responded to the court's order. Petitioner contends his petition is not moot because he is currently serving a three year term of community supervision and the missing presentence custody credits can be applied to reduce his remaining term of supervision. (Dkt. No. 70 at 1.) Respondent has not filed a reply.

1          Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants. Deakins v. Monaghan, 484 U.S. 193, 199 (1988); see also Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (holding that federal courts "have an independent duty to consider" mootness sua sponte). "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit." United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and citation omitted).

           The basic question in determining mootness is "whether there is a present controversy as to which effective relief can be granted." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007). A case or controversy must exist throughout all stages of litigation. Spencer v. Kemna, 523 U.S. 1, 7 (1998). If at any time during the course of litigation a plaintiff ceases to suffer, or be threatened with, "an actual injury traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision," the matter is moot. Id. at 7.

           A habeas petition becomes moot when the petitioner's injury cannot be redressed by a favorable decision. Burnett, 432 F.3d at 1000-01; see also Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003), cert. denied 539 U.S. 933 (holding that in order for a suit to be maintained after a habeas corpus petitioner's release from prison, "[s]ome collateral consequence of the conviction must exist.") (citing Spencer, 523 U.S. at 7)). It is presumed that collateral consequences flow from a criminal conviction, because "once convicted, one remains forever subject to the prospect of harsher punishment for a subsequent offense as a result of federal and state laws that either already have been or may eventually be passed." Chacon v. Wood, 36 F.3d 1459 (9th Cir. 1994). Therefore, a prisoner's challenge to his criminal conviction is generally not rendered moot by his release from custody. Id. In contrast, however, there is no presumption of collateral consequences in regard to an improper but completed sentence. See United States v. Palomba, 182 F.3d 1121, 1123 (9th Cir. 1999).

The Ninth Circuit has held that a federal prisoner's challenge to the alleged miscalculation of his sentence and accompanying overincarceration by 16 months is not mooted by release from prison where the petitioner remains on supervised release and there is a possibility that the petitioner could receive a reduction in his term of supervised release under 18 U.S.C. § 3583(e)(2).[1]  Reynolds v. Thomas, 603 F.3d 1144, 1148 (9th Cir. 2010); see also Mujahid v. Daniels, 413 F.3d 991, 995 (2005) (miscalculation of federal prisoner's good time credits).  In other cases, the Ninth Circuit has similarly held that federal petitioners' habeas petitions were not moot where they challenged the length of their sentences and where, if favorably resolved, they could have faced shorter terms of supervised release upon resentencing.  See United States v. Figueroa-Ocampo, 494 F.3d 1211, 1216-17 (9th Cir. 2007) (challenge to length of original sentence); United States v. Allen, 434 F.3d 1166, 1170 (9th Cir. 2006) (same); United States v. Verdin, 243 F.3d 1174, 1178 (9th Cir 2001) (alleged sentencing error).

Here, petitioner similarly alleges a challenge to the validity of the length of the sentence imposed and states that an award of presentence custody credits could reduce his remaining term of community supervision.  However, petitioner's case is distinguishable from those discussed when former federal prisoners were released to supervised release because in those cases there was a possibility that the sentencing courts would exercise their statutory discretion under 18 U.S.C. § 3583(e)(2) to reduce the term of supervised release imposed if the petitioners were successful.  No such possibility exists for petitioner, a state prisoner.

Community supervision is a mandatory period to be served by petitioner *following* his release from prison.  See, e.g., People v. Cruz, 207 Cal.App.4th 664 (5th Dist. 2012); see also Cal. Penal Code §§ 3000.08(a), 3451.  The Ninth Circuit has clearly stated in dicta that the administrative recalculation of a parolee's sentence after the restoration of revoked conduct

---

[1] Under 28 U.S.C. § 3582(e)(2), a district court may modify, reduce, or enlarge the conditions of a federal prisoner's supervised release under various circumstances after consideration of certain factors.

credits would have no effect on his term of parole. See Nonnette v. Small, 316 F.3d 872, 875-76 (9th Cir. 2002) (stating that in such a situation the petition would have to be dismissed for lack of a case or controversy "because he has fully served the period of incarceration that he is attacking."). The same appears to be true with respect to petitioner's community supervision term, which is separate and distinct from the prison term he has already completed serving. See Cal. Penal Code §§ 3000.08(a), 3451. While petitioner was in CDCR's custody while he served his prison term, his current community supervision term is administered by the county. See Id. The administrative calculation of petitioner's sentence by CDCR would have no affect on the length of his community supervision term currently being served.

In sum, petitioner has failed to show that an award of relief would result in a reduction to his community supervision term, and has failed to allege collateral consequences flowing from the sentencing court's failure to award presentence custody credits. The undersigned notes that even if petitioner is found to be in violation of his community supervision term, his subsequent re-incarceration would be a consequence of that new violation, not the earlier failure of the sentencing court in case SCR565495 to award presentence custody credits. Because petitioner has already served the challenged term of alleged overincarceration, there is no relief which this court can award. Further, the facts of this case do not fall within the exception for otherwise moot claims that are "capable of repetition, yet evading review," because the mere possibility of repetition is too speculative and petitioner cannot demonstrate "that the time between [the deprivation of conduct credits] and [release from prison] is always so short as to evade review." Spencer, 523 U.S. at 18.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be DISMISSED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 15, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
john2719.157